Parker C. J.
drew up the opinion of the Court. A majority of the Court are of opinion, that the judgment of the Court of Common Pleas ought to be affirmed.
The case is brought within the provision of St. 1793, c. 34, which constitutes a residence of ten years, with a payment of all taxes which shall be duly assessed any five years within that time, a habitancy or settlement. The town tax for the year 179S was paid by the pauper’s father. The State and county taxes of that year were not ; but they W'ere not duly assessed, the assessors having exceeded their authority in adding to the sum required by the legislature more than five per cent. All the taxes which were duly assessed for the five years had been paid.
But the defendants proposed to prove that there was some illegality in all the taxes which had been paid, so as to avoid the effect of such payment in fixing the settlement. This was rejected by the Court of Common Pleas and we think rightly. It is near thirty years since the last of these taxes was assessed and paid. There has been no call for reimbursement, and none could be sustained at this period. It would be altogether unjust to allow the defendants, after having enjoyed the benefit of those taxes, which must have been intended to be properly granted and duly assessed, to set up the fault of the town or its *424 officers, in avoidance of the legal settlement established thereby-
The situation of the plaintiff and defendant towns is different in this respect. The plaintiffs call for reimbursement of expenses incurred in the support of a pauper, whose father had lived in the defendant town twenty-five years, and who had paid taxes therein five years within that period. They are met by the objection, that a portion of the tax for one of those years had not been paid. This is answered by showing, that this portion the father of the pauper was never obliged to pay, it not being duly assessed. It is replied that the other taxes were either illegal or not duly assessed. To this it is a sufficient answer, that they were paid and had gone into the several treasuries, and could not be reclaimed ; which is quite equivalent to their having been duly paid, in regard to the object and purpose of the legislature in making this a ground of settlement.
It may be doubted, whether a town can, at any time, set up its own illegal proceedings in regard to taxes, or the misconduct of its officers, after the taxes have been paid, to defeat the settlement gained thereby.[1] But after such a lapse of time as shuts out all claim for reimbursement, we think it clear they cannot.

Judgment of Court of Common Pleas affirmed.

 See Southampton v. Easthampton, ante. 383